IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Houston Division

| | |
|---|---|
| **In re:** <br><br> **NORTH BAY GENERAL HOSPITAL, INC.,** <br><br> **Debtor.** | **CASE NO.: 05-32121** <br><br> **CHAPTER 11** |

FIRST SUPPLEMENT TO FINAL APPLICATION FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

TO:   THE HONORABLE JEFF BOHM,
      UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW** the firm of Arent Fox LLP, ("Arent Fox"), counsel for the Official Unsecured Creditors' Committee (the "Committee") of North Bay General Hospital, Inc. (the "Debtor"), files its First Supplement (the "Supplement") to Final Application for Allowance of Compensation and Reimbursement of Expenses of Attorneys for the Committee for the Period April 25, 2005 through September 30, 2006 (the "Final Application").[1]  This Supplement covers legal services rendered and seeks reimbursement for actual and necessary costs and expenses incurred in the representation of the Committee[2] for the period October 1, 2006 through December 31, 2006 (the "Supplemental Period"). The amount sought herein, in addition to the amounts sought in the Final Application, is $35,450.00 in fees and $1,580.01 in expense reimbursements.  In support of this Supplement, Arent Fox would show unto the Court as follows:

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Final Application.
[2] As a result of uncertainty regarding the occurrence of the Effective Date, the fees and expenses sought in this Supplement are not segregated between those incurred by Arent Fox as counsel to the Committee and Arent Fox as counsel to Schuyler G. Carroll, Unsecured Creditor Agent under the Plan.  Given the pending compromise with the Debtor, such allocation is unnecessary at this time.

NYC/315359.1

1. On October 13, 2006, Arent Fox filed the Final Application requesting an award of compensation in connection with services rendered on behalf of the Committee in the amount of $345,850.50 in fees, $18,964.30 in expense reimbursements.

2. Arent Fox incurred additional fees during the Supplemental Period in pursuing the Debtor and AMT's consummation of the transactions provided for in the Plan and completing the investigation into the Legacy Transactions. The fees incurred as a result of these actions substantially benefited the estate and its creditors by ensuring that the Debtor completed all of its obligations under the Plan so that the payment to creditors could commence and the Debtor could begin its post-confirmation operations.

3. Moreover, the amounts sought in this Supplement are attributable to preparing the Final Application and defending the fees sought in the Final Application, to which the Debtor objected. After the commencement of discovery, the voluntary production of information and documents by the Committee and negotiations with the Debtor, the parties have reached a resolution with respect to this contested matter and expect to shortly submit an agreed Order.

4. It is well settled in the Fifth Circuit that a court may award fees and expenses for time incurred in preparing a fee request. *See American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of Am.)*, 544 F.2d 1291, 1298 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). Accordingly, Arent Fox submits that the time expended preparing the Final Application and this Supplement is reasonable and compensation for such preparation and defense thereof in the amount of $8,949.00 in fees should be allowed.

5. The summary provided in Paragraphs 2, 3 and 4 is a brief description of the services rendered by Arent Fox during the Supplemental Period. While it is not possible or practical to restate each and every activity undertaken by Arent Fox, Arent Fox has maintained contemporaneous time records which include a detailed chronology of the daily services rendered describing the precise nature of the work, the specific tasks performed and the time expended by each attorney and para-professional. A copy of these times records is attached hereto as **Exhibit A.** A breakdown of the hours and fees by attorneys and para-professionals for the Supplemental Period is attached hereto as **Exhibit B.**

NYC/315359.1                           2

6. In addition, Arent Fox has incurred out-of-pocket disbursements during the Supplemental Period; those disbursements are broken down into itemized categories, which are attached hereto as **Exhibit C.** Each disbursement incurred by Arent Fox was necessary and was incurred as a direct result of Arent Fox's representation of the Committee.

WHEREFORE, Arent Fox respectfully requests that after such notice and hearing as required, this Court enter an Order approving the Final Application and the Supplement to Arent Fox for compensation for 1,096.1 hours (980.1 hours from the Final Application and 116 from this Supplement) in the amount of $381,300.50 ($345,850.50 sought in the Final Application and $35,450.00 sought in this Supplement), and reimbursement of expenses in the amount of $20,544.31 ($18,964.30 sought in the Final Application and $1,580.01 sought in this Supplement) and such other, further and different relief as is just and proper.

Dated:  January 19, 2007						Respectfully submitted,

							*/s/ Andrew I. Silfen*
							Andrew I. Silfen
							Schuyler G. Carroll
							ARENT FOX LLP
							1675 Broadway
							New York, NY 10019
							(212) 484-3900

							ATTORNEYS FOR THE OFFICIAL COMMITTEE
							OF UNSECURED CREDITORS